Before STATE INDUSTRIAL BOARD, Respondent. WILLIAM METZGER, Respondent, v. GENERAL ELECTRIC COMPANY, Appellant.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that under the findings there was no accidental injury arising out of and in the course of the employment. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. MARY MATTIMORE and Others, Respondents, v. WALTER T. MURPHY, INC., and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. GUISEPPINA MAZZAGATTA, Respondent, v. IKE MAYERS and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no legal proof that the claimant is the widow of the deceased employee or that her children are his children. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. THOMAS MURRAY, Respondent, v. MODEL DAIRY COMPANY and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence sustaining the finding of the Board that claimant had a right inguinal hernia and that the strain was the sole cause of the disability. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. GEORGE MUNNEY, Respondent, v. H. A. TYLER LUMBER COMPANY and Another, Appellants.— Award modified by reducing the period of disability from seven and one-sixth weeks to four and five-sixths weeks, and as so modified unanimously affirmed, without costs.

In the Matter of the Investigation of Charges Preferred against THOMAS GORMAN, a Police Officer of the City of Binghamton, Appellant. CHARLES W. YEOMANS, as Commissioner of Public Safety of the City of Binghamton, New York, Respondent.— Determination reversed and Thomas Gorman reinstated to his position on the police force in the city of Binghamton and the proceeding remitted, with costs to said Gorman to abide the event, on the ground that in respect to the first two charges there is no substantial proof, and in respect to the other charge, in view of its nature the appellant did not have a fair trial before an impartial tribunal. All concur, Van Kirk, J., on the ground that the testimony given by Gorman on the hearing under the Walters charges could not be used against him in this proceeding; that in the statute (Second Class Cities Law, § 243) providing that "such testimony shall not be used against such witness in any criminal prosecution or proceeding whatever," the word "criminal" does not modify the word "proceeding." H. T. Kellogg, J., concurs on both grounds.